UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROTECT DEMOCRACY PROJECT, INC.;<br>BRENNAN CENTER FOR JUSTICE AT<br>NEW YORK UNIVERSITY SCHOOL OF LAW;<br>MICHAEL F. CROWLEY; and<br>BENJAMIN WITTES,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE;<br>DEPARTMENT OF HOMELAND SECURITY;<br>WILLIAM P. BARR, in His Official Capacity<br>as Attorney General of the United States; and<br>CHAD F. WOLF, in His Official Capacity as<br>Acting Secretary of the Department of Homeland<br>Security,<br><br>    Defendants. | C.A. No. 18-10874-DPW |

## DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING THEIR MOTION TO DISMISS

Defendants, U.S. Department of Justice, Department of Homeland Security, William P. Barr, and Chad F. Wolf ("Defendants"), by their attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, file this supplemental brief regarding issues raised by the Court during oral argument on their Motion to Dismiss.

1. <u>Other Statutes Permitting Judicial Oversight of Government Reporting</u>

The undersigned is unaware of a statute that enables a court to rewrite a governmental report or other publication or to reject or invalidate such a report or publication on grounds of informational inaccuracy, where a party does not have a legal right to correction or information. Defendants continue to rely upon their arguments in their motion to dismiss and the judicial precedents establishing that the IQA does not establish a legal right to information (or correctness of information), and that judicial review is unavailable under the APA.

1

2. <u>Administrative Mechanisms</u>

Defendants note that the IQA did not directly mandate that all agencies promulgate administrative mechanisms; instead, it tasked the Office of Management and Budget ("OMB") with promulgating guidelines for agencies to follow. One requirement of those OMB guidelines was that they were to require each agency to promulgate its own IQA guidelines and that those agency IQA guidelines were in turn to include administrative mechanisms for affected persons to assert non-compliance with the OMB guidelines. *See* Information Quality Act, Pub. L. No. 106-554, 114 Stat. 2763 (2000), § 515(b)(2)(B). That same section also required each agency's IQA guidelines to mandate reporting to OMB about their compliance with the IQA, including how complaints about informational accuracy were handled by the agency. *Id.* § 515(b)(2)(C). To the extent there was to be oversight over agencies' handling of formal complaints about informational accuracy, this statutory structure reinforces that the overview was to fall under the purview of OMB and not the Courts.

WHEREFORE, Defendants request that the Court grant their motion and dismiss the complaint against them.

Respectfully submitted,

ANDREW E. LELLING,
United States Attorney

By:   /s/ *Susan M. Poswistilo*
      Susan M. Poswistilo (BBO #565581)
      Assistant U.S. Attorney
      U.S. Attorney's Office
      John J. Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA  02210
      (617) 748-3103

Date:   December 13, 2019      susan.poswistilo@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                /s/ *Susan M. Poswistilo*
                                                Susan M. Poswistilo

Date:   December 13, 2019

## CERTIFICATION

      I certify that on August 2, 2018, I conferred with counsel for the plaintiff, Benjamin L. Berwick by email in an attempt to narrow or resolve the issues.

                                                /s/ *Susan M. Poswistilo*
                                              Susan M. Poswistilo